

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,482-01

### EX PARTE TERESA LYNN GRINSTEAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F44452-AIN THE 413TH DISTRICT COURT FROM JOHNSON COUNTY

*Per curiam.*

## O R D E R

Applicant was charged with two counts of obtaining a controlled substance by fraud. She pleaded guilty to both counts in exchange for ten years' community supervision. Slightly more than six years after having been placed on community supervision, Applicant pleaded true to violating the conditions of community supervision. Her community supervision was revoked, and she was sentenced to two years' imprisonment for each count, to run concurrently. Applicant has since discharged her sentences, but alleges that she continues to be restrained in her liberty because these convictions could now be used to enhance future charges. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On April 14, 2021, this Court remanded this matter to the trial court to obtain affidavits and findings addressing Applicant's claims that the trial court lacked jurisdiction to revoke her community supervision, rendering her sentences void, and that her attorney at revocation was ineffective for advising her to plead to true to violating the terms of her community supervision. This Court also asked the trial court to address the question of whether Applicant's attorney at the original plea was ineffective.

Count One of the indictment to which Applicant pleaded guilty alleged obtaining Alprazolam, a Schedule IV substance under the version of 21 CFR 1308.14(c) in effect at the time of the offense, which would have been a third degree felony pursuant to the applicable version of Section 481.129(d)(2) of the Texas Health and Safety Code. Count Two alleged obtaining Hydrocodone, a Schedule II substance under the version of 21 CFR 1308.12(b)(1) in effect at the time of the offense, which should have been a second degree felony pursuant to the applicable version of Section 481.129(d)(1) of the Texas Health and Safety Code. However, the indictment, the plea papers, and the judgments all referred to both counts as third degree felonies.

Both of Applicant's habeas claims are based on the fact that the maximum period of community supervision authorized for a third degree felony offense under Chapter 481 of the Texas Health and Safety Code was five years, under former Article 42.12, Section 3(b)(2)(B) of the Texas Code of Criminal Procedure, the statute in effect on the date of Applicant's offenses. Because Applicant's community supervision was revoked more than five years after she was placed on community supervision, Applicant alleges that the trial court lacked jurisdiction to revoke her community supervision. Applicant alleges that her revocation counsel was ineffective for advising her to plead true to violating the terms of that community supervision in exchange for a prison

sentence after more than five years had passed since Applicant was placed on community supervision.

The trial court entered findings and conclusions after the first remand, concluding that the maximum period of community supervision for both counts was five years, and that the trial court lacked jurisdiction to hear the motion to revoke that was filed more than five years after Applicant was placed on community supervision. The trial court concluded that Applicant's judgments and sentences in both counts are void. The trial court concluded that Applicant's original plea counsel was not ineffective, but did not specifically conclude that revocation counsel was ineffective.

The trial court's findings and conclusions after the first remand do not address the fact that the offense to which Applicant pleaded guilty as alleged in Count Two of the indictment was in fact a second degree felony, not a third degree felony. Applicant's ten-year community supervision may have been unauthorized for the third degree felony charged in Count One, but it was not unauthorized for the second degree felony charged in Count Two.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the trial prosecutor to provide an affidavit responding to Applicant's claims. Specifically, the prosecutor shall state whether the decision to charge Count Two as a third degree felony was an oversight, or whether it was based on information not reflected in the record. If it was an oversight, the prosecutor shall state whether the State would have offered Applicant the same plea agreement had the parties been aware of the correct degree of offense and punishment range attached to that charge. If the decision to charge Applicant for a third degree felony in Count Two was not an oversight, the prosecutor shall provide the factual or legal basis for charging the offense as a third degree felony.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the offense as charged in Count Two of the indictment was a second degree or a third degree felony. If the offense was a second degree felony, the trial court shall make findings of fact and conclusions of law as to how Applicant was prejudiced by being given ten years of community supervision for that count of the indictment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 16, 2022
Do not publish